STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

TJWANIA WILSON,

    Plaintiff,

v

JOHN DOE, Individually, and
THE HOME DEPOT, INC., a Delaware
Corporation, d/b/a THE HOME DEPOT,
Jointly and Severally

    Defendant.

Case No: 19-003893-NO

Honorable Craig S. Strong

---

| | |
|---|---|
| NICOLAS A. VESPRINI (P66061)<br>LAWRENCE J. BUCKFIRE (P42841)<br>BUCKFIRE LAW FIRM<br>Attorneys for Plaintiff<br>26900 Inkster Road, Ste. 150<br>Southfield, MI 48034<br>Phone \| 569-4646<br>nicolas@buckfirelaw.com<br>larry@buckfirelaw.com | KATHERINE NIGHSWANDER (P77928)<br>PLUNKETT COONEY<br>Attorneys for Defendant<br>38505 Woodward Ave., Suite 100<br>Bloomfield Hills, MI 48304<br>Direct Dial \| 248-594-5798<br>knighswander@plunkettcooney.com |

---

## DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant, HOME DEPOT U.S.A., Inc., improperly named as Home Depot, Inc., has filed a Notice of Removal, copies of which are attached hereto, in the offices of the Clerk of the United States District Court, Eastern District of Michigan, Southern Division, at 231 W. Lafayette Blvd., Detroit, Michigan.

PLEASE TAKE FURTHER NOTICE that upon the filing of the Notice of Removal

with the Clerk of the United State District Court for the Eastern District of Michigan, Southern Division, and filing copies thereof with the Clerk of Wayne County Circuit Court, Defendant has effected removal and the Wayne County Circuit Court shall proceed no further in this action unless and until the case is remanded pursuant to 28 USC 1446(d).

> Respectfully submitted,
>
> PLUNKETT COONEY
>
> By: /s/ Katherine Nighswander
> KATHERINE NIGHSWANDER P77928
> Attorney for Defendant
> 38505 Woodward Avenue, Suite 100
> Bloomfield Hills, MI 48304
> (248) 594-5798
> knighswander@plunkettcooney.com

Dated: April 12, 2019

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
SOUTHERN DIVISION

TJWANIA WILSON,

    Plaintiff,

v

JOHN DOE, Individually, and
THE HOME DEPOT, INC., a Delaware
Corporation, d/b/a THE HOME DEPOT,
Jointly and Severally

    Defendant.

Case No.: _____

Honorable _____

---

| | |
|---|---|
| NICOLAS A. VESPRINI (P66061)<br>LAWRENCE J. BUCKFIRE (P42841)<br>BUCKFIRE LAW FIRM<br>Attorneys for Plaintiff<br>26900 Inkster Road, Ste. 150<br>Southfield, MI 48034<br>Phone \| 569-4646<br>nicolas@buckfirelaw.com<br>larry@buckfirelaw.com | KATHERINE NIGHSWANDER (P77928)<br>PLUNKETT COONEY<br>Attorneys for Defendant<br>38505 Woodward Ave., Suite 100<br>Bloomfield Hills, MI 48304<br>Direct Dial \| 248-594-5798<br>knighswander@plunkettcooney.com |

---

## REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

Pursuant to 28 USC §§1332, 1441 and 1446, Defendant Home Depot U.S.A., Inc., incorrectly named as "The Home Depot, Inc.," by and through its attorneys, PLUNKETT COONEY, hereby removes the above-captioned case, pending as Case No. 19-003893-NO in the Circuit Court for the County of Wayne, Michigan, to the United States District Court for the Eastern District of

Michigan, Southern Division; as grounds for the Removal, it states as follows:

## BACKGROUND

1. On or about March 19, 2019, Plaintiff, Tjwania Wilson, filed a Complaint in the Wayne County Circuit Court, State of Michigan, bearing civil court case No. 19-003893-NO, in which Tjwania Wilson is the Plaintiff and Home Depot U.S.A., Inc., incorrectly named as "The Home Depot, Inc.," and "John Doe" are identified as Defendants (see **Exhibit A**, *Summons and Plaintiff's Complaint*).

2. Defendant Home Depot U.S.A., Inc. was served with Plaintiff's Summons and Complaint on March 22, 2019; upon present information and belief, Defendant John Doe has not been served with a copy of the Complaint.

3. Plaintiff's lawsuit is based upon civil common law and includes allegations that Defendants caused injuries to her arms and shoulders while assisting her load sheetrock in her vehicle because of their alleged failure to use due care, provide a safe environment, to properly load and/or carry sheetrock., to properly train and supervise employees.

## THE PARTIES

4. The correct corporate Defendant for purposes of Plaintiff's lawsuit is HOME DEPOT U.S.A., INC.

5. Plaintiff is now and was at the time of the commencement of this action, a resident and citizen of the State of Michigan, residing in Wayne County (**Exhibit A**, ¶1).

6. At the time of this alleged incident, at the time of the commencement of this action, now and ever since, Defendant Home Depot U.S.A., Inc., has been a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.

7. Home Depot U.S.A., Inc. was not and is not a corporation created or organized under the laws of the State of Michigan and does not have its principal place of business in Michigan.

8. While Plaintiff alleges that Defendant John Doe was a resident of the State of Michigan at the time of the alleged incident, Plaintiff has made no specific allegations as to Defendant John Doe's current residency.

9. The identity and citizenship of Defendant John Doe are both currently unknown to Defendant Home Depot U.S.A., Inc.

10. Pursuant to 28 USC 1441, 'in determining whether a civil action is removable on the basis of jurisdiction under [28 USC 1332(a),] the citizenship of defendants sued under fictitious names shall be disregarded." 28 USC 1441(b)(1).

11. The 6th Circuit has consistently relied on a strict interpretation of such language and disregarded fictitious defendants' citizenship without reference to any other factors. *See, e.g. Curry v U.S. Bulk Transp. Inc.*, 462 F.3d 536, 539 (6th Cir. 2006); *Alexander v. Elec. Data Sys. Corp*, 13 F.3d 940, 948 (6th Cir. 1994).

12. Thus, this Honorable Court should disregard the citizenship of Defendant John Doe when determining whether removal is appropriate.

## AMOUNT IN CONTROVERSY

13. Prior to the filing of this lawsuit, Defendant Home Depot U.S.A., Inc received a settlement demand of $200,000.00 from Plaintiff based upon her claimed injuries to both of her shoulders, two surgeries on her right shoulder, and her plans to have surgery on her left shoulder.

14. As set forth in the Complaint filed on Plaintiff's behalf, she has made a generalized demand alleged to be in excess of the state court jurisdictional limitation of Twenty Five Thousand Dollars ($25,000.00) (see **Exhibit A**).

15. However, based upon the nature and extent of injuries and damages allegedly sustained as well as representations regarding the current, perceived value of Plaintiff's alleged damages and injuries, Plaintiff is, in reality, seeking to recover in excess of Seventy Five Thousand Dollars

6

($75,000.00).

16. Further, and *assuming arguendo* that liability and related injuries alleged are conclusively established, it is defense counsel's experience that damages such as those alleged and/or represented by Plaintiff are routinely valued in this jurisdiction in excess of Seventy-Five Thousand Dollars ($75,000.00).

17. Moreover, given the nature of a prior discussion with Plaintiff's counsel, Plaintiff is not agreeable at this time to stipulating to cap and/or otherwise limit the value of injuries and/or damages claimed to Seventy Five Thousand Dollars ($75,000.00).

18. Because the alleged citizenship of Defendant John Doe should be disregarded for purposes of determining whether removal is appropriate, this action is, therefore, a controversy between a citizen of the State of Michigan and a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.

19. Thus, as things presently stand, this action involves a controversy with complete diversity of citizenship between citizens of different states and therefore, satisfies the requirement set forth in 27 U.S.C. §1332.

20. Accordingly, complete diversity exists amongst the parties and the

amount in controversy is more than $75,000.00 over which the Federal District of the United State has jurisdiction (see **Exhibit A**).

21. This Court has original jurisdiction of this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship of the parties and the amount in controversy, exclusive of interests and costs, is in excess of $75,000.00.

22. Defendant Home Depot U.S.A., Inc has filed no pleadings in the Circuit Court for the County of Wayne, State of Michigan, and no proceedings in the matter pending before the Wayne County Circuit Court have taken place.

23. Defendant Home Depot U.S.A., Inc.'s Resident Agent was personally served with the Summons and Complaint on March 22, 2019.

24. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed given that it was filed within one year of commencement of this action and within thirty (30) days of receipt of the initial pleading setting forth the cause of action and claim for relief upon which the aforesaid action is based.

25. A copy of the written Notice of Filing of this Removal has been provided to Plaintiff through Counsel as required by law and is also attached hereto.

26. A true and correct copy of this Removal has been also filed with the Wayne County Circuit Court as required by law.

27. By filing this Notice of Removal, Defendant Home Depot U.S.A., Inc. does not waive any rights and/or defenses that may be available to it in this action; rather, Defendant Home Depot U.S.A., Inc. fully reserves its defenses and rights.

WHEREFORE Defendant Home Depot U.S.A., Inc. respectfully requests this Honorable Court effectuate removal of this civil action from the Circuit Court for the County of Wayne, State of Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division.

Respectfully submitted,

PLUNKETT COONEY

By: /s/ Katherine Nighswander
KATHERINE NIGHSWANDER P77928
Attorney for Defendant
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
(248) 594-5798
knighswander@plunkettcooney.com

Dated: April 12, 2019

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
SOUTHERN DIVISION

TJWANIA WILSON,

    Plaintiff,

v

JOHN DOE, Individually, and
THE HOME DEPOT, INC., a Delaware
Corporation, d/b/a THE HOME DEPOT,
Jointly and Severally

    Defendant.

Case No.: _____

Honorable _____

---

| | |
|---|---|
| NICOLAS A. VESPRINI (P66061) <br> LAWRENCE J. BUCKFIRE (P42841) <br> BUCKFIRE LAW FIRM <br> Attorneys for Plaintiff <br> 26900 Inkster Road, Ste. 150 <br> Southfield, MI 48034 <br> Phone \| 569-4646 <br> nicolas@buckfirelaw.com <br> larry@buckfirelaw.com | KATHERINE NIGHSWANDER (P77928) <br> PLUNKETT COONEY <br> Attorneys for Defendant <br> 38505 Woodward Ave., Suite 100 <br> Bloomfield Hills, MI 48304 <br> Direct Dial \| 248-594-5798 <br> knighswander@plunkettcooney.com |

---

**AFFIDAVIT OF SERVICE**

STATE OF MICHIGAN  )
                              )ss.
COUNTY OF OAKLAND  )

    The undersigned certifies that a copy of Defendant's Notice of Removal of Cause to the United States District Court for the Eastern District of Michigan, Southern Division, and Proof of Service were served upon Attorneys for Plaintiff on April 12, 2019 via Wayne County Circuit Court's e-filing system, electronic email,

and First Class U.S. Mail. I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

                Respectfully submitted,

                PLUNKETT COONEY

                By: */s/ Katherine Nighswander*
                KATHERINE NIGHSWANDER P77928
                Attorney for Defendant
                38505 Woodward Avenue, Suite 100
                Bloomfield Hills, MI 48304
                (248) 594-5798
                knighswander@plunkettcooney.com

Dated: April 12, 2019

### PROOF OF SERVICE

The undersigned certifies that on the 12th day of April, 2019, a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

- ☐ Hand delivery
- ☐ U.S. Mail
- ☐ E-Mail
- ☐ Overnight mail
- ☐ Facsimile
- ☒ Electronic e-file

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief. Glow

*Kimberly Webster*
_____
        Kimberly Webster

Open.12080.91438.21953143-1

2

# Exhibit A

Approved, SCAO

Original - Court
1st Copy- Defendant

2nd Copy - Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>19-003893-NO<br>Hon. Craig S. Strong |
|---|---|---|

Court address: 2 Woodward Ave., Detroit MI 48226         Court telephone no.: 313-224-2240

| Plaintiff's name(s), address(es), and telephone no(s)<br>Wilson, Tjwania | v | Defendant's name(s), address(es), and telephone no(s).<br>The Home Depot, Inc., a Delaware Corporation |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Nicolas A. Vesprini 66061<br>29000 Inkster Rd Ste 150<br>Southfield, MI 48034-1100 | | |

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____

The action ☐ remains  ☐ is no longer pending.

Summons section completed by court clerk.        **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party **or take other lawful action** with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>3/19/2019 | Expiration date*<br>6/18/2019 | Court clerk<br>Tashia Marshall |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (1/19)        SUMMONS        MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105



Case 2:19-cv-11061-VAR-EAS ECF No. 1 filed 04/12/19 PageID.14 Page 14 of 19

**SUMMONS**
Case No.: **19-003893-NO**

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**   OR   ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date

My commission expires: _____  Signature: _____
                        Date                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments

_____ on _____
                   Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

TJWANIA WILSON,

        Plaintiff,

vs.

JOHN DOE, Individually, and
THE HOME DEPOT, INC., a Delaware
Corporation, d/b/a THE HOME DEPOT,
Jointly and Severally,

        Defendants.
_____/

Case No.: 19-    -NO
Hon.:

NICOLAS A. VESPRINI P66061
LAWRENCE J. BUCKFIRE P42841
BUCKFIRE LAW FIRM
Attorneys for Plaintiff
29000 Inkster Road, Ste. 150
Southfield, MI 48034
(248) 569-4646
_____/

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil
action arising out of same transaction or
occurrence as alleged in this complaint.

/s/ Nicolas A. Vesprni
NICOLAS A. VESPRINI

NOW COMES the above-named Plaintiff, TJWANIA WILSON, by and through her attorneys, BUCKFIRE LAW FIRM, and for her Complaint and Jury Demand against the above named Defendants, states as follows:

## COMMON ALLEGATIONS

1. That the Plaintiff, TJWANIA WILSON, is a resident of the City of Detroit, County of Wayne, State of Michigan.

00538745

2. That, Defendant THE HOME DEPOT, INC d//b/a THE HOME DEPOT (hereinafter known as THE HOME DEPOT) is a corporation organized under the laws of the State of Delaware, with its principal place of business located in the State of Georgia and which regularly and systematically conducts business in Wayne County, State of Michigan. At the time of the incident complained of, Defendant THE HOME DEPOT either owned, possessed, managed, serviced and/or exercised control of the premises commonly known as THE HOME DEPOT, located at 20300 Kelly Rd., Harper Woods, MI 48225.

3. That the Defendant, JOHN DOE, was a resident of the State of Michigan and was an employee of Defendant, THE HOME DEPOT, and at all times relevant hereto was acting in the scope of his employment. As such, Defendant, THE HOME DEPOT, is vicariously liable for the injuries to the Plaintiff under the doctrine of respondeat superior and the law of agency.

4. That at all times, Defendant, THE HOME DEPOT, by its officers, agents, and employees, expressly and by implication, invited the public, including the Plaintiff, generally, to access its store as customers or patrons and invited said customers or patrons to purchase products sold by said Defendant.

5. That the amount in controversy, exclusive of interest, costs, and attorney's fees, exceeds Twenty-Five Thousand ($25,000.00) Dollars.

## COUNT I – NEGLIGENCE

6. That the Plaintiff realleges and reincorporates paragraphs 1 through 5 as though fully set forth herein.

7. That on or about September 5, 2016, at approximately 1:27 p.m., Plaintiff accepted Defendant's aforementioned invitation to be a customer and was lawfully at THE HOME DEPOT located at 20300 Kelly Rd., Harper Woods, MI 48225.

00538745

8. That at said time, Plaintiff purchased various items from the aforementioned THE HOME DEPOT, which included ten pieces of sheetrock.

9. That after making said purchase, JOHN DOE loaded sheetrock onto Plaintiff's truck. Further, Defendant, JOHN DOE, had asked for Plaintiff's assistance in loading the sheetrock onto Plaintiff's truck.

10. That upon loading the sheetrock, Defendant, JOHN DOE, dropped his end of the sheetrock which he had been supporting.

11. That these negligent acts and/or omissions by Defendants JOHN DOE, Individually, and THE HOME DEPOT, by its officers, agents, and employees, caused severe injury to Plaintiff's arms and shoulders. Plaintiff has likely suffered permanent scarring as a direct result of Defendants' negligence.

12. That, as Plaintiff was a lawful customer of THE HOME DEPOT, Defendants had a duty to provide a safe environment and exercise due care with respect to lawful customers of the THE HOME DEPOT so as to prevent injury to said customers and are liable for any injury to their lawful customers caused by their negligence or that of their employees, agents or representatives.

13. That Defendants, JOHN DOE, Individually, and THE HOME DEPOT, by its officers, agents, and employees was then and there guilty of negligence, and that it breached a duty of care to Plaintiff and caused injuries to Plaintiff.

14. That all times herein, the Defendants THE HOME DEPOT, and JOHN DOE, owed a duty of care to the Plaintiff, and not withstanding said duty of care owed to Plaintiff, the Defendants, THE HOME DEPOT, and JOHN DOE, breached said duties, including but not limited to, the following acts of negligence and/or omissions:

    a. Failed to use due care that was owed to Plaintiff;

00530745

    b.    Failed to provide a safe environment to their customers;

    c.    Failed to properly load and/or carry sheetrock;

    d.    Failed to properly train employees on how to carry and/or load sheet rock;

    e.    Failed to properly supervise employees;

    f.    Failing to diminish or avoid a dangerous situation to Plaintiff when it knew or should have known that such situation created an unreasonable risk of injury to Plaintiff.

    g.    Failing to enact and enforce suitable safety standards;

    h.    Creating a dangerous condition as to Plaintiff;

    i.    Violation of statutes and ordinances

    j.    Other acts of negligence to be determined through discovery.

15. That as a direct and proximate result of the negligence of Defendants, THE HOME DEPOT and JOHN DOE, the Plaintiff suffered severe, painful and permanent injuries to her person and body, and or an aggravation of pre-existing conditions, including, but not limited to, pain, suffering, and permanent scarring to Plaintiff's arms and shoulders, psychological injuries and other injuries to her body and any and all damages which proofs may show.

16. That said injuries will cause and will continue to cause the Plaintiff to suffer pain, disfigurement, discomfort and mental anguish, and have deprived her of many of the normal activities of life.

17. As a further direct and proximate result of the aforementioned acts and omission of the Defendants, their employees, agents or representatives Plaintiff has suffered and will continue to suffer pain, humiliation, embarrassment, mental anguish, fright, shock, disability, loss of enjoyment of life, deprivation of many of the activities of her normal life, disfigurement, gross

00530745

indignity and inconvenience because of the permanent nature of said injuries; he has suffered or may yet suffer aggravation or activation of a pre-existing condition.

18. That as a result of the Plaintiff's injuries, she has been compelled to seek medical treatment and will incur medical expenses and will continue to do so in the future.

19. That, in addition, as a result of Plaintiff's injuries she has been unable to engage in gainful employment, and has suffered lost wages and other economic damages.

20. That said injuries have caused, and will continue to cause the Plaintiff to suffer economic losses, including, but not limited to, medical expenses and lost wages.

**WHEREFORE**, Plaintiff prays for a Judgment against the Defendants, JOHN DOE and HOME DEPOT, INC., of actual and consequential damages in whatever amount in excess of Twenty-Five Thousand Dollars ($25,000.00) she is deemed to be entitled by this Honorable Court and/or Jury, together with costs, interest, and attorney fees.

### DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, by and through her attorneys, BUCKFIRE LAW FIRM and hereby demands a trial by jury of the within matters.

BUCKFIRE & BUCKFIRE, P.C.

By: /s/ Nicolas A. Vesprini
NICOLAS A. VESPRINI P66061
LAWRENCE J. BUCKFIRE P42841
Attorney for Plaintiff
29000 Inkster Road, Ste. 150
Southfield, MI 48034
(248) 569-4646

Dated: March 14, 2019

00538745